## DOSENBACH v. WEBSTER.

(Court of Appeals of District of Columbia. Submitted January 13, 1922. Decided February 6, 1922.)

No. 1478.

1. Patents ⬤⫸91(4)—Evidence held to show prior conception of invention in issue.

In interference proceedings involving an invention of a process for concentrating copper ores where sulphide and nonsulphide ores were mixed, evidence that the experiments of the prior inventor were conducted with ore from the mine which produced a mixture of sulphide and nonsulphide ores *held* to establish the conception of the invention in issue, though there was nothing in the record to show he conceived the idea of applying the process to such mixed ores.

2. Patents ⬤⫸112(4)—Issuance of patent gives no advantage in interference between co-pending applications.

A patentee is entitled in interference proceedings to no advantage from the issuance of his patent where the interfering applications were co-pending in the Patent Office.

Appeal from the Commissioner of Patents.

Interference proceedings between Benjamin H. Dosenbach and Milton F. Webster. From a decision of the Commissioner of Patents, awarding priority to Webster, Dosenbach appeals. Affirmed.

John M. Coit and James A. Watson, both of Washington, D. C., and J. Edgar Bull, of New York City, for appellant.

Archibald Cox and Harry A. English, both of New York City, and William G. Henderson, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from the decision of Commissioner of Patents awarding priority of invention to appellee Webster.

The interference is between a patent to Dosenbach issued June 11, 1918, on an application filed March 7, 1918, and an application of Webster, filed January 23, 1917.

This is a companion interference to No. 1477, —— App. D. C. ——, 278 Fed. 395, just decided. Dosenbach's application here involved was a division of his application in the companion case. The present interference is submitted on proofs presented in No. 1477. The interference is in two counts, as follows:

"1. A process of concentrating ores containing copper in different chemical compounds, one of such compounds being sulphide of copper, which consists in subjecting the ore to the action of a solvent which causes the nonsulphide copper to go into solution while leaving the sulphide copper substantially unaltered, precipitating the dissolved copper in the metallic state in the mixture of ore and solvent, and then separating the precipitated copper and sulphide copper from the gangue by flotation.

"2. A process for concentrating ores containing sulphide copper and compounds of copper that are convertible in sulphates by the action of sulphuric acid comprising the operations of subjecting the ore to the action of sulphuric acid forming copper sulphate, precipitating the copper in the metallic state in the mixture of ore and acid, and then separating the precipitated copper and the sulphide copper from the gangue by flotation."

The same process is involved in this interference as in the companion case, but in the present case it is applied to ores containing both sulphide copper and nonsulphide, which may be converted into sulphates by the action of sulphuric acid. It is urged by counsel for Dosenbach that there is nothing in the record to show that Webster conceived the idea of applying the process to ores which contained sulphides as well as nonsulphides, and the Examiner and Board of Examiners in Chief held that inasmuch as the record fails to show that Webster conceived the idea of applying the process of the companion case to ores which contain both sulphides and nonsulphides, that he must be confined to his record date, which is subsequent to the original application of Dosenbach.

[1] We are not impressed with this contention, since the evidence discloses that the process was invented by Webster to solve the problem of treating ores from Bullwhacker Mine, at Butte, Mont., and that this ore, while predominantly oxide, contained sulphide copper. It also appears that Webster had made considerable study of the most approved methods of flotation, and that the ores treated by him at the East Butte Mine were sulphide copper.

[2] Dosenbach is entitled to no advantage from the issuance of his patent since the applications were co-pending in the Patent Office. The process described in the claims combine three steps, first, subjecting the comminuted mixture of sulphide and nonsulphide ore to the action of sulphuric acid to dissolve the copper; second, introducing a copper precipitant into the solvent to precipitate the dissolved copper as metallic copper into the pulp; third, floating out the metallic and sulphide copper.

In determining who is the inventor of this process, it is only necessary to consider the new and patentable features of the invention. The first and third steps are old in the art. The invention, therefore, resides in the second step, namely, in precipitating the solvent in the form of metallic copper into the pulp. This is the invention involved in the companion interference in which we have held that Webster is entitled to priority. To award priority in this interference to Dosenbach would be inconsistent with our holding in the other case. As was said by the Commissioner:

"An award of priority of the issue herein gives Dosenbach rights excluding Webster, the winning party in the earlier interference, from using his prior invention on the ores he treated in his experiments which the evidence here considered has been uniformly held to show reduction to practice prior to Dosenbach."

The decision of the Commissioner of Patents is affirmed.

Mr. Justice HOEHLING, of the Supreme Court of the District of Columbia, sat in the place of Mr. Chief Justice SMYTH in the hearing and determination of this appeal.